Thank you, Your Honor. Good morning. May it please the Court, my name is Milagros Cisneros and I represent the appellant in this case, Jefferson Morgan. Your Honors, I'd like to reserve two minutes for rebuttal. You may do so. Just watch the clock. Thank you. Ms. Cisneros, even before you begin, let me ask a question, because maybe we can make this a shorter argument than you might have anticipated. As I read the government's 28J submission, they say they would be amenable to, as I read it, I want to ask the government if I read it correctly, vacating the sentence and submitting for resentencing on an open record. I take it you're – are you amenable to that, too? Why don't you declare victory? Well, I don't declare victory necessarily because the government also suggests that the remand could be on an open record, and I don't think that the case law supports that. I think that the case law supports a remand, but only for the purpose of vacating. Don't we have the – don't we have the discretion to send it back on an open record? Your Honor, I think that the Jones case that the government cited presents a situation very much like this one. In that case, the Court had indicated that it would – the Court read aloud certain conditions of supervision and did not include two conditions that the parties had agreed to omit, but in the written judgment, the Court did include one of those conditions. The Jones case then went – the Court, this Court in Jones, then went on to say that because the oral pronouncement was unambiguous, that then the appropriate thing to do would be to simply vacate the condition. But here we have an oral pronouncement by Judge McNamee, which, as I read it, he says something like, I sentence you to this term, give you the standard terms, and such other terms as will be imposed at the time of sentencing. Additional terms – I've got the exact language here, but he says something like that. And, of course, the term of sentencing is right then. That sort of strikes me as ambiguous. I think what he said, Your Honor, was that they were conditions that were imposed at the time of sentencing.  He says, while on supervisory lease, you must comply with the standard conditions of supervision adopted by this Court in the such-and-such standard order, and certainly you must comply with the special conditions which have been imposed on you in the time of sentencing. That's what he says. There were no special conditions imposed in the oral pronouncement, correct? That's correct, Your Honor. Isn't that sort of ambiguous? I think what he is referring to, however, Your Honor, is the time of sentencing previously, the previous sentence, when sentence was originally imposed. That's typically what judges do. That's the way I read it. I read it to mean previously imposed at sentencing, and then even in the first violation disposition, there were also special conditions that were imposed. These two conditions that we're complaining of were not included there at all. Well, here's my difficulty with this position. You're asking us to vacate the 18-month sentence, correct? I'm sorry, Your Honor? You're asking us also to vacate the term of imprisonment. Yes, I am. If we do vacate the term of imprisonment, doesn't the judge have to start all over? I agree with you on that, Your Honor.  So are you content to win? Your Honor, as long as these conditions don't get reimposed. Well, if they get reimposed, you can come back up to us and argue that they're improper. But if we vacate them. Certainly. But if you think that the conditions are that the – I'm sorry – that the initial – I'm sorry – that the oral pronouncement is ambiguous, then you can go on to do what Nabier did, which is to look at whether the court abuses discretion. But my difficulty – again, let me just pinpoint. In Nabier, the underlying term of imprisonment wasn't vacated. Correct. And so here you're asking us to wipe the slate clean on the initial term of imprisonment. Well, assuming, of course, that you believe that the length of the sentence is correct. No, we don't have to believe that. The government is telling us they're willing to have it vacated. We can do that because they're nice. And so if we vacate that initial term of imprisonment, doesn't the judge get his sentence on an open record? Yes. That I do agree with. Thank you. Yes. But nevertheless, I do still think that vacating and simply vacating, as was done in Jones, is the appropriate thing to do here. I don't think there should be an open record unless you also vacate the length of the sentence. And as I understand the government's position, I think they're willing to have the government on that. Now, on the curfew point, your argument is that that is vague as well or there were insufficient findings? I'm sorry, Your Honor? What is your argument on the curfew issue, the special condition regarding curfew? The argument regarding the curfew issue has to do with insufficient findings regarding the necessity – well, the guidelines dictate that Section 5D.1.3.E.5 established an even more heightened standard for determining whether a curfew is appropriate to impose or not. That is, that it is necessary to protect the public and that it's necessary for the rehabilitation of the defendant. Okay. But we're not talking about a constitutional limitation here. The deprivation of liberty in terms of curfew has been regarded, as I understand it, as not being that serious. But what is your point? Well, my point, Your Honor, is that there is absolutely no record here at all in terms of the appropriateness of the curfew as it was imposed by the judge. You're saying that's not within the discretion of the judge as to that particular special condition? No, Your Honor. Of course, it's within the discretion of the judge. But here we have absolutely nothing. All right. Very well. Anything further at the moment? No, Your Honor. Very well. Thank you. We'll hear from the government. Well, good morning, if it pleases the Court. My name is Sheila Phillips, and I'm appearing on behalf of the United States in this matter. In addressing the first issue that Judge Horowitz had raised in terms of the government's position, it's the government's position that Judge McAmey did not abuse his discretion in imposing any of the three special terms of supervised release in this particular case, in addition that he did not abuse his discretion in imposing the 18-month sentence, which is far below the 57 months that he could have imposed. It is the government's position that he erred in not making an oral pronouncement of two of the three terms of supervised release in this particular case, that being the curfew violation as well as the notification of special relationships. So the government is asking that the case be remanded back to the district court on open record so that the judge can make an oral pronouncement of these sentences or the judge can conform his written order to comport with his oral pronouncement. So where do you and Ms. Cisneros disagree? I think it's this. I think that we disagree in terms of the appropriateness of the 18-month sentence that the judge imposed. I certainly think it was in the judge's discretion, given the fact that the defendant in this case was convicted of sexually abusing a 5-year-old child who was developmentally disabled, and the fact that every time he was out in the community that he was unsuccessfully violated. That's a reasonableness test, is it not? Yes, Your Honor, it is. Let's assume we agree with you. Yes. Let's assume we agree with you. I'm just trying to understand your 28-J. Do you – is it the – is the government willing to have Mr. Morgan resentenced entirely? Yes, Your Honor. I think in terms of the practicality of this matter, the defendant's 18 months is up in August. So in essence, he has essentially served his 18 months. So you're willing to have the sentence – the existing sentence vacated and send it back for sentencing on an open record? Yes, Your Honor. The government is willing to do that. However, I do believe that the sentence is an appropriate sentence, and I believe that the judge did not abuse his discretion in imposing that sentence. Counsel is raising the issue of vagueness in terms of the – one of the two conditions, the notification provision, and also the appropriateness of the curfew. What is your response on those two points? Well, Your Honor, both of these conditions are anticipated in the sentencing guidelines, as cited in the government's brief. Specifically in terms of the curfew violation, it's something that is often imposed in cases like this. We're dealing with a case that's involving a person who has preyed upon young children, and certainly a curfew is an important tool that the court needs to impose to ensure the protection of the public, in particular the most vulnerable in our society, which are minor children. Does the judge have to indicate why? I mean, go ahead. Yes, that's my question. I mean, I don't have any doubt that it's appropriate in these kinds of cases to impose a curfew. The question is, does the judge under our case law have to say, and this is why I'm doing it? No, Your Honor. In terms of a curfew violation, and in pursuant to this Court's ruling in Reardon as well as in Rudd, as long as it's supported by the totality of the circumstances, as long as it is supported by the record in this particular case, the judge does not have to specifically articulate why he is imposing a curfew. And I believe that it is substantiated by the record. If you look at the record in this particular case, the third time that the defendant has failed being out in the community, which was the subject matter of this current petition to revoke his supervised release, which wasn't the first time. It was, in fact, the second time that Judge McNamee was sentencing the defendant for revoking the terms of his supervised release. Things actually seem to have gotten worse. The defendant in this particular case, according to the probation officer as evidenced in the disposition report, which the government has submitted for this record, admitted that he, in fact, was taking drugs and that he was abusing alcohol in the presence of minor children. He also admitted that he had been in unsupervised contact with minor children. He was ---- I want to ask you about the second condition. So I'm not troubled by the notion that a curfew might be imposed. My question was really just simply whether the judge needed to make specific findings. With respect to the second condition, which is to report about all intimate relations, is that one you think the judge has to make some finding to indicate the appropriateness of it? No, Your Honor. And the reason why is that the only time that a sentencing judge needs to make particularized findings on the record is when it impinges upon a significant liberty interest, not just a significant liberty interest, but a particularly significant liberty interest. Notification of certain types of relationships does not do that. The reason being is it leaves completely unfettered the defendant's ability to have associations with other individuals. All it requires the defendant to do is to notify his probation officer. In the sentencing guidelines, in terms of standard conditions that are recommended within the sentencing guidelines, in fact, there are a number of provisions where the defendant needs to alert the probation officer of what's going on. He needs to report to the probation officer. And then there's also, within the sentencing guidelines, provisions for third-party notification. And that's exactly what was imposed upon the defendant here. There's language in the notification provisions such as immediately, whatever that means, and close relationship. Those are rather malleable terms, are they not? Are they sufficient to give enough notice to this particular defendant of what his obligation is? They are, Your Honor. And the reason being that if you put these terms in context, this particular defendant had been engaged and had a fiancé for eight months. This particular individual had moved from the State of New Mexico to reside with a defendant. The probation officer was completely and totally unaware of the circumstances. So if you put the notification requirement in context with the facts of this case and were pertaining to his relationships with other people, I don't think that these particular terms are vague at all. I think they put the defendant on reasonable notice of what is required of him. But you agree we need not address those issues? That is correct, Your Honor. And I guess if the terms get reimposed with the same kind of record, you and Mrs. Naros will be back up here to argue whether or not they're appropriate. That may be true. And maybe they won't get imposed on the same record. Is there an argument in favor of giving the district judge some guidance on the theory that these two issues may be raised by Mrs. Naros in resentencing? Your Honor, the government doesn't think that the court has to come to that conclusion. And in terms of the notification requirements, if this Court does feel that any of the terms are vague, certainly the Court can give guidance in what type of notification requirement would be appropriate. It's the government's position that these are important tools, however, to protect society, in particular in cases involving the victimization of minors. Very well. Just a procedural question. I take it this issue was never really vetted before Judge McNamee. Am I right? Well, Your Honor, there were objections that were filed. Right. But at the time of sentencing, nobody, because the time of sentencing was oral and then written, was there ever an occasion where anybody appeared in front of Judge McNamee and made the arguments you two are making today? Your Honor, Mrs. Naros did renew her objections on the record. I don't believe that they were articulated in the same way that they are before   Thank you. Thank you, counsel. Thank you, Your Honors. Mrs. Naros, you have some reserve time. Could you answer Judge Hurwitz's last point, that last question? Yes. In fact, I did renew that, those objections orally. And it was a fairly extensive briefing that was provided to the Court regarding those two concerns regarding the curfew, but also the immediate notification to the probation officer of these certain kinds of relationships. And to your point, Your Honor, also, Judge O'Scanlan, these conditions, these terms, immediate, certain close emotional relationships are extremely vague. The Second Circuit in Reeves addressed those, and I believe I cited that in the reply brief. They had an issue even with romantic relationship being vague. This, with these and, ors, gives my client, as you indicated, as your question indicated, no notice as to what this means. And so I think that we will be back here if these conditions are reimposed. And I do know that the opportunity to make these arguments in front of Judge McNamee on remand? I suppose that I would. I assume that I would have the opportunity to do that. But I wanted to get back to the issue. If you agree that 18 months is appropriate, you can keep that, but yet remand to simply vacate the conditions that are at issue here. And if you don't think that the 18-month sentence is appropriate, then I'm sorry, Your Honor? You don't think the 18-month sentence is appropriate? No, I don't, and I explained why in the briefing. But if you believe that it is, then I don't think it's necessary for you to vacate    If you believe that it is, then I don't think it's necessary for you to vacate  If you believe that it is, then I don't think it's necessary for you to send it back for an open record with an open record. Now, counsel indicated that his incarceration is up in August. Is that right? I think it will be up soon. That will be the completion of his 18-month sentence. Do I understand that correctly? That's certainly possible, Your Honor. I haven't calculated it. So if we were to act quickly in this case and you were in front of Judge McNamee, you might save your client a couple months in prison? It's certainly possible. It's certainly possible. The issue here, Your Honor, is these conditions, in particular the condition regarding the immediate notification of certain types of relationships, very problematic. And we will be here again. Thank you, counsel. The case just argued will be submitted for decision.
judges: Singleton, O'scannlain, Hurwitz